IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY CULBERT,                              No.  CIV.S-04-2434 GEB DAD PS

      Plaintiff,

  v.                                        <u>FINDINGS AND RECOMMENDATIONS</u>

GARET ONLEY,

      Defendant.
_____/

      This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, proceeding pro se, did not appear at the hearing on the motion, although he has filed written opposition to the motion. William A. Krabbenhoft appeared on behalf of defendant Garrett Olney, who was erroneously sued as "Garret Onley."  Having considered all written materials submitted in connection with the motion, and after hearing oral argument, the undersigned will recommend that defendant's motion be granted and that plaintiff's amended complaint be dismissed with leave to amend.

1

**LEGAL STANDARDS**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint or of any claim within it "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss for failure to state a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In a case where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)(en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not pled.  Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992); Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

**ANALYSIS**

Plaintiff initiated this 42 U.S.C. § 1983 action against defendant for an alleged violation of his Fourth Amendment rights.

2

1 Defendant is a Plumas County Superior Court Judge.  Plaintiff's
2 amended complaint alleges that on December 18, 2002, plaintiff was
3 arrested and taken to jail pursuant to an arrest warrant issued by
4 defendant.  The amended complaint alleges that at the time the
5 warrant was issued "no complaint existed against plaintiff, no action
6 was pending, and the warrant was unrelated to any judicial
7 proceeding."  (Am. Compl. at 2.)  It also alleges that "[t]he warrant
8 was issued solely to vindicate some personal objective of defendant,
9 to harass plaintiff, and to cause plaintiff to purposely be falsely
10 arrested and imprisoned for non-judicial reasons."  (Id.)  According
11 to the amended complaint, plaintiff was released at or near the time
12 of initially appearing in court before defendant following
13 plaintiff's arrest.  Finally, the amended complaint prays for damages
14 and expungement of plaintiff's arrest record.[1]

15        Defendant's motion to dismiss is well-taken only in part.
16 In particular, the amended complaint clearly alleges that defendant
17 is being sued in his "personal capacity" (i.e., individual capacity).
18 Therefore, defendant's argument that he is not a "person" subject to

---

[1] While the amended complaint does not provide further details regarding the events leading to this action, state court documents attached to defendant's request for judicial notice indicate that plaintiff was arrested on December 18, 2002, on a bench warrant that defendant issued in 1998 after plaintiff failed to appear at proceedings related to plaintiff's alleged driving on a suspended license and failure to provide proof of financial responsibility.  As indicated at the hearing on defendant's motion, the request for judicial notice will be granted.  Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of its own files and state court records. See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000).

3

suit under § 1983 must be rejected. <u>Hafer v. Melo</u>, 502 U.S. 21, 31 (1991) ("We hold that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts.").

Because defendant is being sued in his individual capacity, his Eleventh Amendment argument also fails. <u>See id</u>. Further, even if defendant were sued in his official capacity, the court would be forced to reject his Eleventh Amendment argument. A state official seeking to invoke an Eleventh Amendment bar must demonstrate that the action is in essence one for recovery of money from the state in that the state would be liable for any judgment rendered. <u>Regents of the Univ. of California v. Doe</u>, 519 U.S. 425, 429-30 (1997); <u>Hyland v. Wonder</u>, 117 F.3d 405, 413-14 (9th Cir. 1997). Defendant has not shown that any money judgment against him would be paid from the state treasury.

Defendant's statute of limitations argument also is unpersuasive. It is agreed that defendant's cause of action accrued on or about December 18, 2002, and that California's personal injury statute of limitations applicable to this § 1983 action changed from one year to two years effective January 1, 2003. <u>See</u> Cal. Civ. Proc. Code § 335.1. The historical and statutory notes to § 335.1 indicate that the two-year limitations period is to be applied retroactively only to victims of the events of September 11, 2001, and relying on those notes, at least one district court has held that

4

the statute of limitations in effect at the time an action accrues, as opposed to the one in effect at the time it is filed, governs for purposes of a timeliness determination.  See <u>Abreu v. Ramirez</u>, 284 F. Supp. 2d 1250, 1255-56 (C.D. Cal. 2003).

Nonetheless, applying the two-year limitations period to plaintiff's claim is appropriate and does not amount to a retroactive application of § 335.1.  Under California law, retroactive application of a limitations statute occurs only when such an application would revive a claim that had already been barred by the lapse of time.  See <u>Mudd v. McColgan</u>, 30 Cal.2d 463, 468 (1947); <u>Sanchez v. Workers' Comp. Appeals Bd.</u>, 217 Cal. App. 3d 346, 358, 266 Cal. Rptr. 21, 28 (1990); <u>Gallo v. Superior Court</u>, 200 Cal. App. 3d 1375, 1378, 246 Cal. Rptr. 587, 588 (1988).  Thus, the extension of the statutory period within which an action must be brought "is generally held to be valid if made before the cause of action is barred."  <u>Douglas Aircraft Co., Inc. v. Cranston</u>, 58 Cal. 2d 462, 465, 24 Cal. Rptr. 851, 854 (1962).  <u>See</u> <u>also</u> <u>Maldonado v. Harris</u>, 370 F.3d 945, 955 (9th Cir. 2004)("Under California law, an extension of a statute of limitations will not apply to claims already barred under the prior statute of limitations unless the Legislature explicitly provides otherwise.");(<u>Thompson v. City of Shasta Lake</u>, 314 F. Supp. 2d 1017, 1024 (E.D. Cal. 2004) ("Unless otherwise expressly excepted, a new statute which enlarges a statutory limitations period applies to matters that are not already barred by the original period at the time the new statute goes into effect.").

/////

5

1    Here, plaintiff's claim accrued in December, 2002.  Under
2 the statute of limitations in effect in 2002, plaintiff's cause of
3 action would have been time barred as of December, 2003.  However, §
4 335.1 went into effect on January 1, 2003.  As plaintiff's claims
5 were not yet time barred on that date, the statute extended the
6 applicable limitations period for plaintiff's claim from one year to
7 two years.  The filing of the complaint in November, 2004 occurred
8 within two years of December, 2002.  Therefore, plaintiff's action is
9 not time barred.  Such a finding is consistent with California law
10 cited above and consistent with recent unpublished district court
11 decisions addressing virtually identical circumstances.  See <u>Mayfield</u>
12 <u>v. Trevors Store, Inc.</u>, No. C-04-1483 MHP, 2004 WL 2806175, *7 (N.D.
13 Cal. Dec. 6, 2004)(Slip Copy); <u>Lamke v. Sunstate Equipment Co., LLC</u>,
14 No. C-03-4956 EMC, 2004 WL 2125869, *6-7 (N.D. Cal. Sept. 22,
15 2004)(Slip Copy); <u>Kiss v. City of Santa Clara</u>, No. C-04-01964 RMW,
16 2004 WL 2075444, *2 (N.D. Cal. Sep 15, 2004)(Slip Copy).

17    On the other hand, the undersigned agrees with defendant
18 that he is absolutely immune from suit for damages based on
19 principles of judicial immunity.  The Supreme Court has held that
20 judges acting within the course and scope of their judicial duties
21 are absolutely immune from liability for damages under § 1983.
22 <u>Pierson v. Ray</u>, 386 U.S. 547 (1967).  A judge is "subject to
23 liability only when he has acted in the 'clear absence of all
24 jurisdiction.'"  <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978)
25 (quoting <u>Bradley v. Fisher</u>, 13 Wall. 335, 351 (1872)).  "A judge will
26 not be deprived of immunity because the action he took "was in error,

6

was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. at 356.  Moreover, a judge's jurisdiction is quite broad.  "[T]he factors determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Partington v. Gedan, 961 F.2d 852, 866 (9th Cir. 1992) (quoting Stump v. Sparkman, 435 U.S. at 362). See also Mireles v. Waco, 502 U.S. 9, 13 (1991) (in determining whether judicial immunity applies, court looks to the "particular act's relation to a general function normally performed by a judge"); Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999).

      According to the amended complaint, defendant Olney violated plaintiff's Fourth Amendment rights in the context of issuing an arrest warrant and conducting proceedings from the bench following plaintiff's arrest on that warrant.  Taking these allegations as true, it is clear that the conduct complained of stems from functions normally performed by a judge and that plaintiff dealt with defendant in his judicial capacity.  Thus, defendant is entitled to judicial immunity with respect to plaintiff's claim for damages brought against him in his individual capacity.[2]

      The determination that defendant is entitled to judicial immunity with respect to plaintiff's claim for damages does not end

---

[2] Moreover, even if defendant's alleged actions were found not to be judicial acts, he would likely be entitled to qualified immunity from a suit for damages.  See Morrison v. Lipscomb, 877 F.2d 463, 466-67 (6th Cir. 1989).

the required inquiry.  As set forth above, the amended complaint also prays for "[e]xpungement of [plaintiff's] arrest record[,]" which the undersigned has construed as a request for injunctive relief.  While "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities[,]" that immunity does not extend "actions for prospective injunctive relief."  <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  Indeed, "[i]t is now established that judicial immunity does not bar declaratory or injunctive relief in actions under § 1983."  <u>Mullis v. United States Bankruptcy Court</u>, 828 F.2d 1385, 1391 (9th Cir. 1987).  Therefore, there is an issue as to whether plaintiff should be permitted to proceed against defendant on the request for injunctive relief.

As a general matter, it is clear that a district court may order the expungement of an arrest record under § 1983.  <u>See</u> 42 U.S.C. § 1983; <u>United States v. Sumner</u>, 226 F.3d 1005, 1012 (9th Cir. 2000)("A district court has the power to expunge a criminal record under the Civil Rights Act[.]"); <u>Maurer v. Individually and as Members of L.A. County Sheriff's Dept.</u>, 691 F.2d 434, 437 (9th Cir. 1982)("It is well settled that the federal courts have inherent equitable power to order 'the expungement of local arrest records as an appropriate remedy in the wake of police action in violation of constitutional rights.'").  However, with respect to defendant Olney in particular, the undersigned has determined that defendant Olney is not the appropriate defendant in this regard.  Arrest records are maintained by California law enforcement authorities, not the Judges

of the Superior Court.  Compare Central Valley Chapter of the 7th Step Foundation, Inc. v. Younger, 214 Cal. App. 3d 145, 164 n.8, 262 Cal. Rptr. 496, 507 n.8 (1989)(observing that California Department of Justice, its Bureau of Criminal Identification and various officials thereof "are the state authorities with the responsibility for compiling, maintaining and distributing arrest records") with Maurer, 691 F.2d at 437 (affirming dismissal of action against Director of FBI when arrest in question was by state and local officers since "FBI has no authority to expunge arrest records maintained by California law enforcement agencies").  Because the court is unable to grant plaintiff even the injunctive relief he seeks, the undersigned will recommend that defendant Olney be dismissed from this action altogether.

This is not to say, however, that plaintiff is entirely unable to state a cognizable claim.  The authorities cited above suggest that plaintiff may be able to state a claim seeking the expungement of his arrest record, albeit against a defendant other than Judge Olney.[3]  Therefore, the undersigned will recommend that

---

[3] While some of the authorities cited herein may be instructive, the undersigned expresses no opinion as to the identity of the appropriate defendant, if any, or whether this matter ultimately must be pursued in state court, as suggested by counsel for defendant for the first time at the hearing on this motion. The court has considered whether any claim seeking expungement might be subject to dismissal under the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)  However, plaintiff is not seeking relief from a state court judgment based on an erroneous state court decision. See Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003).  Nor is plaintiff attempting to enjoin any ongoing state proceedings such that this action might be subject to dismissal under Younger v Harris, 401 U.S. 37, 49-53 (1971).

plaintiff's amended complaint be dismissed with leave to file and serve a second amended complaint in this regard if plaintiff wishes to pursue this action in this court.[4]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss be granted;

2. Plaintiff's amended complaint be dismissed; and

3. Plaintiff be granted twenty (20) days from the date of any order adopting these findings and recommendations to file and serve a second amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five (5) days after service of the objections. The parties are advised that failure to

---

[4] Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the earlier pleadings no longer serve any function in the case. Therefore, in any second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Any amended pleading which fails to provide the necessary factual description will likely be dismissed.

10

file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 28, 2005.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
DDad1\orders.prose\culbert2434.f&r

11